2000 ND 116

**Rachel M. KAUTZMAN, n/k/a Rachel M. Dietz, Plaintiff and Appellee,**

v.

**Robert A. KAUTZMAN, Defendant and Appellant.**

**Nos. 990328, 990386.**

Supreme Court of North Dakota.

May 30, 2000.

Jerilynn Brantner Adams, Vogel, Weir, Hunke & McCormick, Ltd., Fargo, for plaintiff and appellee.

Jonathan T. Garaas, Garaas Law Firm, and Mark R. Fraase (on brief), Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Robert Kautzman has filed two appeals from district court judgments and orders made after our remand in *Kautzman v. Kautzman*, 1998 ND 192, 585 N.W.2d 561, arising out of the parties' divorce action. We affirm.

I

[¶ 2] In the original judgment, the trial court ordered Robert Kautzman to pay Rachel Kautzman (now known as Rachel Dietz) spousal support of $4,000 per month until December 2002, and $2,000 per month thereafter; valued the parties' construction company, KCI, at $301,001.58, and awarded property valued at $850,160 to Rachel Kautzman and $851,962 to Rob-

ert Kautzman. *Kautzman,* 1998 ND 192, ¶ 4, 585 N.W.2d 561. Rachel Kautzman appealed the property distribution, contending the trial court's valuation of KCI was clearly erroneous because it did not include $84,859 for work in progress, prepaid expenses, and receivables, and should have been increased by an additional $196,000 for 1997 retained earnings. We concluded the valuation of KCI was clearly erroneous because it did not include the $84,859 sought to be added by Rachel Kautzman, and "the trial court made a mistake in valuing KCI by not including retained earnings from 1997 revenue." *Id.* at ¶¶ 26, 28. We reversed and remanded:

> The judgment is reversed to the extent it fails to explicitly address the issue of an award of attorney fees to Rachel based on Robert's actions increasing the time spent on the dispute, and to the extent it distributes the parties' marital property based upon an improper valuation of KCI without retained earnings from 1997 revenue up to the end of the trial, and without including work in progress, prepaid expenses, and receivables not available to the special master in valuing KCI. The judgment and orders are otherwise affirmed. The matter is remanded for a redetermination of the value of KCI and a redetermination of the property distribution in light of the revaluation of KCI, for consideration of an award of attorney fees to Rachel for Robert's actions increasing the time spent on this dispute, and for a determination on Rachel's request for attorney fees on appeal.

*Kautzman,* 1998 ND 192, ¶ 38, 585 N.W.2d 561.

[¶ 3] On remand, the district court, among other things, increased the valuation of KCI by $280,859 and ordered Robert Kautzman to pay Rachel Kautzman an additional $140,429 as a property distribution. After a number of hearings, the trial court awarded Rachel Kautzman trial attorney fees of $50,000 because Robert Kautzman substantially increased the cost of litigation; awarded Rachel Kautzman $10,000 for attorney fees in the initial appeal; found Robert Kautzman in contempt of court; ordered the entry of money judgments against Robert Kautzman; and denied Robert Kautzman's request to eliminate or reduce his spousal support obligation. Robert Kautzman appealed.

[¶ 4] In appeal No. 990328, Robert Kautzman appealed the district court's third amended judgment, dated May 24, 1999; a memorandum opinion dated August 26, 1999; a September 30, 1999, order finding Robert Kautzman in contempt of court, denying Robert Kautzman's motion to amend the third amended judgment or grant an evidentiary hearing, denying Robert Kautzman's motion for relief from the judgment, and directing the entry of money judgments; and money judgments entered on October 15 and 18, 1999, and January 3, 2000, in the amounts of: $1,500 for household goods and personal effects; $50,000 for money withdrawn from a bank account awarded to Rachel Kautzman; $322,139.18 for unpaid property distribution payments and interest; $41,893.88 for past-due spousal support; and $60,000 for attorney fees. In appeal No. 990386, Robert Kautzman appealed from the district court's November 3, 1999, order denying his motion to vacate paragraph 3 of the second amended judgment or to amend it to provide a reduced amount of spousal support or an earlier termination date, and from the district court's December 9, 1999, order denying Robert Kautzman's motion for reconsideration. In appeal No. 990328, Robert Kautzman argues the district court: 1) failed to properly value KCI and properly redetermine the property distribution; 2) failed to properly address the issue of an attorney fee award for increasing the time spent on the dispute; 3) failed to properly address the issue of an attorney fee award for the initial appeal; 4) erred in finding him in contempt of court; and 5) erred in not granting relief he requested, because the court erred in speculating Robert Kautzman's noncompliance

with the second and third amended judgments was voluntary, there was no basis for the money judgments, and Robert Kautzman did not get credit for all the spousal support he paid. In appeal No. 990386, Robert Kautzman argues the district court failed to provide him appropriate relief with respect to spousal support, erred in finding him in contempt of court, and erred in determining the contempt was relevant to Robert Kautzman's request to modify the spousal support award.

[¶ 5] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 6] Robert Kautzman argues the district court on remand "refused to allow any further testimony on the issue of the valuation of KCI" and "[a] factual hearing should have been granted to determine the true value of the corporation as of the trial date."

[¶ 7] When this Court specifies a defect to be cured and remands for redetermination of an issue without specifying the procedure to be followed, the trial court need only rectify the defect in a manner consistent with our opinion and conformable to law and justice. *See Moch v. Moch*, 1998 ND 95, ¶ 9, 578 N.W.2d 129 (when this Court's mandate makes clear the defects which need to be cured by the district court, the district court need do no more than rectify those defects and proceed in a manner consistent with this Court's opinion); *Kern v. Kelner*, 75 N.D. 703, 713–14, 32 N.W.2d 169, 174 (N.D.1948) (when this Court does not give specific directions in remanding for further proceedings, the trial court is "free to make any order or direction in the further progress of the case not inconsistent with the decision and opinion of this court and conformable to law and justice"). Thus, when we reverse and remand for a trial court to address an issue or to redetermine a matter, unless otherwise specified, the trial court may decide based on the evidence already before it or may take additional evidence. *See Moch; Kern.* The decision on taking additional evidence will be reversed only if the trial court abused its discretion. *Bruner v. Hager*, 547 N.W.2d 551, 554 (N.D.1996).

[¶ 8] Here, "[t]he trial court concluded that it could make an adequate amended finding to conform with its original intent on the basis of the record before it without seeking or permitting the introduction of additional evidence." *All Seasons Water Users Ass'n v. Northern Improvement Co.*, 417 N.W.2d 831, 832–33 (N.D.1988). As in *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 10, 603 N.W.2d 896, "no additional evidentiary hearing was necessary for the trial court to comply with our decision" on redetermining the value of KCI and the property distribution. We conclude the trial court did not abuse its discretion in failing to conduct an evidentiary hearing or receive further evidence on this issue.

## III

[¶ 9] Robert Kautzman contends he did not receive credit for all of the spousal support he paid. Rachel Kautzman has agreed Robert Kautzman should receive a credit for spousal support payments made through income withholding. In light of the parties' positions on this issue, they may submit the proper amount to the trial court.

## IV

[¶ 10] With regard to the other issues Robert Kautzman has raised in these appeals, we affirm under N.D.R.App.P. 35.1(a)(2),(4). The judgments and orders are affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., and RICHARD W. GROSZ, D.J., concur.

[¶ 12] RICHARD W. GROSZ, D.J., sitting in place of KAPSNER, J., disqualified.