2002 ND 118

**Rachel M. KAUTZMAN, n/k/a Rachel M. Dietz, Plaintiff and Appellee,**

v.

**Robert A. KAUTZMAN, Defendant and Appellant.**

No. 20010296.

Supreme Court of North Dakota.

July 16, 2002.

Rehearing Denied Aug. 21, 2002.

Steven A. Johnson (argued), Vogel, Weir, Hunke & McCormick, Ltd., Fargo, for plaintiff and appellee.

Jonathan T. Garaas (argued), Garaas Law Firm and Mark R. Fraase, Fraase, Johnson, Ramstad & Mottinger, Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Robert A. Kautzman ("Kautzman") has appealed contempt orders, a memorandum opinion denying his motion to amend or vacate a June 1, 2000, judgment for a past due property distribution payment with interest, the June 1, 2000, judgment, and a September 25, 2000, order denying his demand for change of judge. We affirm.

I

[¶ 2] This is Kautzman's fifth appeal in his divorce from Rachel M. Kautzman, now known as Rachel M. Dietz ("Dietz"). *Kautzman v. Kautzman,* 2000 ND 190, 618 N.W.2d 500; *Kautzman v. Kautzman,* 2000 ND 116, 611 N.W.2d 883 (two appeals); *Kautzman v. Kautzman,* 1998 ND 192, 585 N.W.2d 561.

[¶ 3] Kautzman and Dietz began living together in 1978, married in 1988, separated in 1995, and divorced in 1997. The trial court ordered Kautzman to pay spousal support and property distribution payments to Dietz. On September 25, 2000, the court issued an order denying Kautzman's demand for change of judge. On March 7, 2001, the court issued an order finding Kautzman in contempt of court and ordering Kautzman "taken into custody for a period of thirty days, or until [Kautzman] begins paying [Dietz] $4,000 a month in spousal support and an additional 10% of that amount to reduce the arrearage that has accrued." A judgment entered June 1, 2001, awarded Dietz $48,359.18 for a property distribution payment due June 1, 2000, with interest. On October 22, 2001, the trial court issued an order ruling the March 7, 2001, contempt order "is not

limited to a one-time payment, but does require [Kautzman] to make monthly payments ... to be absolved from the contempt citation." On November 14, 2001, the trial court issued a memorandum opinion denying Kautzman's motion to amend or vacate the June 1, 2001, judgment. Kautzman appealed the memorandum opinion, judgment, and orders.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

II

[¶ 5] Kautzman contends that after this Court affirmed an order confirming a sheriff's sale of some of his property for past-due property distribution payments in *Kautzman v. Kautzman,* 2000 ND 190, 618 N.W.2d 500, "the doctrine of extinguishment controls" and his "debt has been paid." The argument is without merit. Kautzman's reliance on *Wells v. Ordway,* 108 Iowa 86, 78 N.W. 806 (Iowa 1899); *Pulsifer v. Paxton,* 212 Minn. 68, 2 N.W.2d 427 (1942); *Tri–County Bank & Trust Co. v. Watts,* 234 Neb. 124, 449 N.W.2d 537 (1989); *Sletten v. First Nat'l Bank,* 37 N.D. 47, 163 N.W. 534 (1917); *Harvison v. Griffin,* 32 N.D. 188, 155 N.W. 655 (1915); and *Wright v. Anderson,* 62 S.D. 444, 253 N.W. 484 (1934), is misplaced, because those decisions involved the foreclosure of a junior mortgage when there was an outstanding senior mortgage or the foreclosure of a mortgage subject to a senior tax lien—situations not at issue in this appeal. Kautzman's argument has not persuaded us that a party in a divorce action who gets a judgment for unpaid property distribution payments, forecloses a judgment lien, and purchases the judg-

ment debtor's property at a sheriff's sale is precluded from seeking payment for any deficiency because the underlying debt was extinguished by the sheriff's sale.

### III

[¶ 6] By motion of September 13, 2000, Dietz sought an order holding Kautzman "in contempt for his intentional failure to comply with the spousal support obligations of this Court[']s judgment." A hearing was held September 28, 2000. The trial court found Kautzman "has shown intentional disobedience of the orders of this Court which require the Defendant to make his monthly spousal support obligation," and found Kautzman was in contempt of court.

[¶ 7] Kautzman contends "Rachel has failed to allege and prove contempt of court by Robert," arguing, in part: (1) "In that no affidavits were served and filed simultaneously by Rachel, there could not exist any evidence of Robert's 'intentional failure to comply with the spousal support obligations of this Court[']s judgment' "; (2) Dietz's attorney erred "by filing his own affidavit dated *June 2, 2000*, attaching the hearsay deposition of Kautzman Millwright, Inc., but failing to ever attach the correction sheets dated *June 12, 2000* directly impacting subject areas relied upon by Judge Backes"; and (3) "While the records of the District Court do reflect the existence of a spousal support arrearage, such records cannot form the basis of '*intentional* failure to comply'—it merely establishes a failure to comply with the spousal support award."

[¶ 8] "The determination whether a contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal unless there is a clear abuse of discretion." *Harger v. Harger,*

2002 ND 76, ¶ 14, 644 N.W.2d 182. Section 27–10–01.3(1)(a), N.D.C.C., provides, in part: "In a proceeding to impose a remedial sanction for failure to pay child or spousal support, an order to pay support is prima facie evidence the obligor has the ability to pay, and the burden of persuasion is upon the obligor to prove inability to pay the support ordered." As we said in *Harger,* at ¶ 15 (citations omitted): "Although an inability to comply with an order is a defense to contempt proceedings based on a violation of that order, the burden rests with the contemnor to establish the defense and show an inability to comply."

[¶ 9] Dietz supported her motion with deposition testimony of Valarie Torgerson, a secretary-bookkeeper at Kautzman Millwright, Inc., and girlfriend of Kautzman, who is employed by Kautzman Millwright, Inc. Torgerson testified Kautzman decides what his salary is; Kautzman Millwright, Inc., pays personal expenses for Kautzman, which Kautzman Millwright, Inc., calls loans; and Kautzman tells her "how much to pay and who to pay." In her deposition, Torgerson was asked: "If Robert Kautzman told you to pay Rachel Dietz $4,000 per month, would you also pay that?" Torgerson answered: "Yes." In correction sheets dated June 12, 2000, Torgerson replaced that answer with: " 'Yes, assuming Kautzman Millwright, Inc. had the money, if he wanted to borrow $4,000 per month from Kautzman Millwright, Inc., to pay to Rachel Dietz, he could instruct me to do that.' " An exhibit showing Kautzman Millwright, Inc., paid over $10,000 per month for Kautzman's personal expenses was included with Torgerson's deposition.

[¶ 10] After Torgerson completed her deposition, she submitted a "correction sheet" consisting of several pages. Kautzman contends the trial court "relied upon

such deposition knowing there were unfiled corrections." However, May 10, 2000, depositions of Valarie Torgerson and Marshall McCullough, and correction sheets dated June 12, 2000, were filed in the district court on September 19, 2000. Torgerson made a number of changes, some of which were quite substantial, which raises questions about permissible changes.

The courts are divided on the type and extent of changes permitted under Rule 30(e). Some courts have concluded that ... a deponent may make *any* changes in form and substance.... On the other hand, it has been held that Rule 30(e) cannot be used to substantially alter what was said under oath. These courts emphasize that the purpose of the rule is to fix simple substantive errors such as when the witness stated "yes," but the court reporter transcribed "no" or to correct formal errors, such as a misspelled name. If substantial changes were permitted, the deponent could simply rewrite the responses after the fact to slant the testimony in his or her favor.

7 *Moore's Fed. Prac.* § 30.60[3] (3d ed.2002). In any event, a deponent's changed answers do not displace the original ones: "A deponent is not entitled to have the altered answers take the place of the original ones. The original answers remain part of the record. They constitute admissions of the party and can be read at trial." *Id.* at § 30.60[4].

[¶ 11] Discovery devices serve "to narrow and clarify the basic issues between the parties." *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947). That purpose is frustrated in cases, like this one, in which a deponent submits substantial "corrections" to original deposition testimony, thereby adding an additional issue—determining whether the deponent's original deposition testimony or the deponent's "corrections" are true—to those already existing between the parties. Therefore, we agree with the court in *Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th Cir.2000), "that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription."

[¶ 12] Furthermore, the trial court was free to credit Torgerson's original deposition testimony, rather than her "corrections." We view the evidence in the light most favorable to a trial court's findings and do not reweigh evidence or reassess credibility. if there is evidence supporting the trial court's findings. *Hentz v. Hentz,* 2001 ND 69, ¶ 6, 624 N.W.2d 694. There was a presumption Kautzman had the ability to pay the spousal support ordered, and Dietz also produced evidence, through Torgerson's deposition and deposition exhibit, tending to show Kautzman had the ability to pay. There was evidence to support the trial court's finding Kautzman had the ability to pay the spousal support ordered, and we conclude the trial court did not abuse its discretion in finding Kautzman in contempt of court.

### IV

[¶ 13] We conclude the other issues raised by Kautzman in this appeal are frivolous and no productive purpose would be served by addressing them.

### V

[¶ 14] The orders and judgments are affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., BENNY A. GRAFF, D.J., WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., concur.

[¶ 16] The Honorable BENNY A. GRAFF, D.J., sitting in place of KAPSNER, J., disqualified.