2003 ND 199

**Mary Ellen EBERHARDT, now known as Mary Ellen Vance, Plaintiff, Appellant and Cross–Appellee**

v.

**Danny Bill EBERHARDT, Defendant, Appellee and Cross–Appellant.**

No. 20030065.

Supreme Court of North Dakota.

Dec. 19, 2003.

Rehearing Denied Jan. 14, 2004.

Jonathan T. Garaas, Garaas Law Firm, Fargo, for plaintiff, appellant, and cross-appellee.

Craig M. Richie, Richie & Associates, Fargo, for defendant, appellee, and cross-appellant.

MARING, Justice.

[¶ 1] Mary Ellen Eberhardt, now known as Mary Ellen Vance ("Vance"), has appealed from a post-divorce judgment order dated January 7, 2003, which was amended by a May 16, 2003 order. Danny Bill Eberhardt ("Eberhardt") has cross-appealed. We affirm.

[¶ 2] The parties' April 7, 2000, divorce judgment: (1) divided the parties' marital property and debts; (2) awarded each party physical custody of two of the parties' children; (3) granted each party reasonable visitation with the children not in that party's custody, and ordered Eberhardt's visitation with one child to be supervised; (4) fixed Vance's child support obligation at $200 per month, fixed Eberhardt's child support obligation at $751 per month, and ordered Eberhardt to pay child support of $551 per month, plus $50 per month toward an arrearage of $3,700.29; (5) required the parties to equally split all of the children's health care costs not covered by insurance; (6) ordered Eberhardt to pay $500 per month as spousal support for 36 months from January 1, 2000; (7) ordered Eberhardt to pay $2,000 to Vance for attorney fees "after the sale of the family home or within 180 days after entry of this Decree, whichever event occurs first;" and (8) required each party to "deliver any letters, bills of sales, documents, deeds, or perform any act necessary to give full effect to the Judgment of this Court within 30 days of the notice of entry of Judgment."

[¶ 3] On January 7, 2003, the trial court issued an order addressing several motions filed by both parties. The trial court found Eberhardt had not paid the $2,000 in attorney fees ordered in the divorce judgment and had not paid the $9,500 in spousal support due for June 2001 through December 2002. The court also found:

6. Testimony regarding Defendant's income from his employment ... is inconsistent with his 2001 income tax return. However, it is unclear whether Defendant's testimony regarding his income related to the year 2000, for which his 2001 income tax return would accurately reflect, or to the year 2002.

. . . .

9. Defendant has spent money on medical bills not covered by insurance for the parties' children.... Upon the Court's own review of the medical bills, Defendant spent $7,708.37 on medical expenses that were not covered by insurance. Plaintiff's responsibility, therefore, is $3,854.19.

10. Both attorneys have contributed to the convoluted and drawn-out nature of this matter.

The trial court concluded that Vance must sign a quit claim deed transferring her interest in the parties' home within 30 days and that neither party should receive attorney fees for these motions. The court also concluded:

4. Defendant's Motion for a reduction in child support and spousal support is denied due to insufficient evidence. Defendant may seek to have his support obligation reviewed by the Referee as a separate action.

5. Judgment in the amount of $7,645.81 shall be entered in favor of Plaintiff ($11,500–$3,854.19).

6. Psychologist Scott Sternhagen of Meritcare shall be appointed to evaluate and facilitate visitation between Defendant and his minor daughter.... No compensatory visitation shall be granted to Defendant.

[¶ 4] On January 29, 2003, Vance filed a motion to amend Findings of Fact 6 and 9, and Conclusion of Law 5. The trial court granted the request to amend Finding of Fact 6, stating:

Finding of Fact # 6 should state:

6. Testimony regarding Defendant's income from his employment ... is inconsistent with his 2001 income tax return. However, it is unclear whether Defendant's testimony regarding his income related to the year 2000, for which his 2000 income tax return that was filed in 2001 would accurately reflect, or to the year 2002.

The court continued:

Since it was unclear to the Court what Defendant's actual income was, the Court denied Defendant's Motion to Reduce Child Support and Spousal Support based on an insufficiency of evidence. The Court also granted Defendant leave to bring that issue before a Referee in a separate action. It appears that Plaintiff would like to have Defendant's child support obligation increased. Plaintiff ... never moved the Court to modify the obligations ... and *increase* the amount of support payments.

The trial court denied Vance's motion to amend Finding of Fact 9, explaining, in part:

Although the summaries of medical expenses were submitted to the Court improperly by Defendant's attorney, the Court determines that they were also properly authenticated by Defendant at the hearing on January 6th, 2003. It is enough that Defendant, a witness with knowledge, testified that the summary of bills submitted were ones that he incurred on behalf of his children.

The trial court granted the motion to amend Conclusion of Law 5, ruling, in part:

Plaintiff is entitled to statutory interest on the spousal support arrearage on the day the payments became due and

unpaid.... Defendant owed $9,500 to Plaintiff for the arrearage. Plaintiff is entitled to interest on that arrearage. The Clerk of Court shall assess the appropriate rate and amount of interest.... After the addition of statutory interest by the Clerk of Court to the spousal support arrearage and the addition of the attorney's fees owed to her, the Clerk of Court shall offset that total amount by the $3,854.19 owed by Plaintiff to Defendant for Plaintiff's share of uncovered medical bills. The net amount after the offset shall be a judgment in favor of Plaintiff.

The trial court again determined neither party should receive attorney fees for the motions. Both Vance and Eberhardt appealed the trial court's January 7, 2003, order, which was amended by the trial court's order on May 16, 2003.

### I Vance's Appeal

### A

■ [¶ 5] Vance contends the trial court erred in finding Eberhardt owed $9,500 in unpaid spousal support, instead of the $12,000 she claimed for 2001 and 2002. The amount of paid spousal support is a question of fact subject to a clearly erroneous standard of review. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the evidence, this Court has a definite and firm conviction a mistake has been made." *Hogan v. Hogan,* 2003 ND 105, ¶ 6, 665 N.W.2d 672. "A trial court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings." *Schmidt v. Schmidt,* 2003 ND 55, ¶ 5, 660 N.W.2d 196. "[W]e do not reweigh evidence or reassess credibility if there is evidence supporting the trial court's findings." *Kautzman v. Kautzman,* 2002 ND 118, ¶ 12, 647 N.W.2d 684. Eberhardt testified he paid $2,500 in

spousal support at the rate of $500 per month in the months of January through May 2001. The record indicates there is evidence to support the trial court's finding. We conclude the finding Eberhardt owed $9,500 for spousal support, rather than $12,000 for 2001 and 2002, is not clearly erroneous.

### B

■ [¶ 6] Vance contends the trial court should have ordered an increase in Eberhardt's child support obligation based on the income Eberhardt testified he earned at the hearing and the child support guidelines.

[¶ 7] Eberhardt's child support obligation had been set in the judgment issued April 7, 2000. In a motion dated November 30, 2002, Eberhardt moved for an order "[r]eviewing child support to reflect an amount of child support which is consistent with the North Dakota Child Support Guidelines." The trial court explained it denied Eberhardt's motion to reduce his child support obligation, "based on an insufficiency of evidence." The trial court denied Vance's request to increase Eberhardt's child support obligation because Vance "never moved the Court to modify the obligation[ ]."

[¶ 8] Section 14–09–08.4(4), N.D.C.C., provides, in part:

> If a child support order sought to be amended was entered at least one year before the filing of a motion or petition for amendment, the court shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines.

Thus, if the evidence had shown an increase in Eberhardt's income, the trial court would have been required to increase Eberhardt's child support obligation to

conform to that required under the child support guidelines. However, the trial court found the evidence of Eberhardt's income was insufficient and denied the motion, but authorized a review before a judicial referee in a separate proceeding. In light of the insufficient evidence presented in this proceeding, we are not persuaded the trial court erred in referring the matter to determination by a referee.

## C

[¶ 9] Vance contends the trial court should not have awarded Eberhardt any reimbursement for medical expenses, because the medical billings were not authenticated, identified, or referred to in any testimonial affidavit.

[¶ 10] Rule 901, N.D.R.Ev., provides, in part:

> (a) *General Provision.* The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) *Illustrations.* By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> (1) *Testimony of Witness With Knowledge.* Testimony of a witness with knowledge that a matter is what it is claimed to be.

"[A]uthentication is simply a process of establishing the relevancy of a document by connecting it with a person, place or thing." *R & D Amusement Corp. v. Christianson*, 392 N.W.2d 385, 386 (N.D. 1986). A sufficient foundation can be established for the admission of medical bills into evidence by the claimant's testimony the bills were incurred. *Tuhy v. Schlabsz*, 1998 ND 31, ¶ 10, 574 N.W.2d 823. "The question whether evidence should be excluded for lack of authentication is primarily within the sound discretion of the trial court." *R & D Amusement Corp.*, at 386. "Consequently, to constitute reversible error, the trial court must have abused its discretion . . . in concluding that the memorandum agreement was adequately authenticated." *Id.*

[¶ 11] Vance objected to Eberhardt's evidence of medical expenses at the hearing because medical expenses had not previously been served with an affidavit and the evidence was "beyond the scope of the redirect." In denying Vance's motion to amend Finding of Fact 9, the trial court noted Eberhardt said "the medical bills in the file were summaries of billings he received and paid," and later "alluded to the medical bills during further redirect examination." The court observed that Vance "had an opportunity to cross-examine [Eberhardt] at that time regarding the medical bills he had submitted," she "testified that she received notice in December of 2002 regarding the amount of medical bills claimed by [Eberhardt]" and she "did not claim that there were no uncovered medical expenses for which she is required to reimburse [Eberhardt] half." The court further explained:

> Although the summaries of medical expenses were submitted to the Court improperly by [Eberhardt's] attorney, the Court determines that they were also properly authenticated by [Eberhardt] at the hearing on January 6th, 2003. It is enough that [Eberhardt], a witness with knowledge, testified that the summary of bills submitted were ones that he incurred on behalf of his children.

We are not persuaded the trial court abused its discretion in concluding that the summaries of billings for medical expenses for the parties' children were adequately authenticated.

D

[¶ 12] The April 7, 2000, judgment ordered Eberhardt to pay Vance $2,000 for attorney fees. Vance argues the attorney fees were authorized by N.D.C.C. § 14–05–22 or § 14–05–23, and when those statutes are read in conjunction with N.D.C.C. § 14–05–25.2 and § 14–08.1–05, the trial court erred in not "directing the Clerk of Court to increase [Vance's] credit accordingly at the statutory interest rate of 12% per annum from the date the payment was due."

[¶ 13] Section 14–05–22(5), N.D.C.C., authorizes a trial court to award attorney fees in some cases involving domestic violence. Section 14–05–23, N.D.C.C., more generally authorizes a trial court to award attorney fees in divorce cases. Section 14–05–25.2, N.D.C.C., provides:

Any order or judgment for the support of a spouse or former spouse entered under this chapter may be enforced by any means permitted under section 459 of the Social Security Act [Pub.L. 93–647; 88 Stat. 2357; 42 U.S.C. 659] and not forbidden under title 32. Any such order or judgment may also be enforced in any manner provided for the enforcement of an order for the payment of child support under chapter 14–09 to the fullest extent permitted under section 459 of the Social Security Act [Pub.L. 93–647; 88 Stat. 2357; 42 U.S.C. 659]. For purposes of enforcement under chapter 14–09, the order for support of a spouse or former spouse must be treated as though it were an order for child support.

Section 14–08.1–05, N.D.C.C., provides, in part:

1. Any order directing any payment or installment of money for the support of a child is, on and after the date it is due and unpaid:

a. A judgment by operation of law, with the full force, effect, and attributes of a judgment of the district court, and must be entered in the judgment docket, upon filing by the judgment creditor or the judgment creditor's assignee of a written request accompanied by a verified statement of arrearage or certified copy of the payment records maintained under section 50–09–02.1 and an affidavit of identification of the judgment debtor, and otherwise enforced as a judgment;

b. Entitled as a judgment to full faith and credit in any jurisdiction which otherwise affords full faith and credit to judgments of the district court; and

c. Not subject to retroactive modification.

. . . .

3. Failure to comply with the provisions of a judgment or order of the court for the support of a child constitutes contempt of court. All remedies for the enforcement of judgments apply. A party or the party's assignee may also execute on the judgment, and the obligor is entitled only to the exemptions from process set forth in section 28–22–02.

[¶ 14] Vance's conclusory assertion in reliance on N.D.C.C. §§ 14–05–25.2 and 14–08.1–05 for an award of interest on an attorney fee award is misplaced, as those statutes address either spousal support or child support, not interest on an attorney fee award, and Vance has not shown she has taken any enforcement steps in accordance with N.D.C.C. ch. 14–09 or in accordance with N.D.C.C § 14–08.1–05. We conclude the trial court did not err in failing to order interest on Vance's attorney fee award.

## II   Eberhardt's Cross-appeal

### A

[¶ 15]   Eberhardt contends the trial court erred in not ordering reimbursement for all of the medical expense documents he submitted, arguing "the Court incorrectly left out medical bills which the Court determined were incurred after the children reached the age of majority, but in fact were incurred before that date."

[¶ 16]   How much Eberhardt spent on medical bills for the parties' children for which he was responsible is a question of fact. "A trial court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings." *Schmidt*, 2003 ND 55, ¶ 5, 660 N.W.2d 196.

[¶ 17]   Eberhardt provided the trial court with a mass of billing documents, with no explanatory assistance. "Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position." *Earnest v. Garcia*, 1999 ND 196, ¶ 10, 601 N.W.2d 260. Nevertheless, the trial court thoroughly reviewed the documents. The trial court found that Eberhardt "has spent money on medical bills not covered by insurance for the parties' children." The court also found "some of the bills submitted to the Court were duplicative" and some were for services provided after Eberhardt's legal responsibility for them had ended. The trial court found: "Upon the Court's own review of the medical bills, [Eberhardt] spent $7,708.37 on medical expenses that were not covered by insurance. [Vance's] responsibility, therefore, is $3,854.19." Further, as the court explained in denying Vance's motion to amend Finding of Fact 9, Eberhardt "was only given credit for *personal payments* made to the health providers." We conclude Eberhardt has not overcome the presumption of correctness we accord a trial court's findings of fact, and we, therefore, conclude the trial court's finding of fact about the amount of money Eberhardt spent on medical expenses for the children, for which he was responsible, is not clearly erroneous.

### B

[¶ 18]   In addressing the parties' visitation dispute, the trial court appointed a psychologist "to evaluate and facilitate visitation between [Eberhardt] and his minor daughter" and denied Eberhardt's request for compensatory visitation with his minor daughter.   Eberhardt contends he "should have been awarded compensatory visitation time with his daughter for the four years he has been denied visitation." Eberhardt cites a Minnesota statute, Minn.Stat. Ann. § 518.175(6) (1986) requiring a court to order compensatory visitation to a noncustodial parent who has been wrongfully deprived of visitation with a child, as "persuasive authority."   North Dakota, however, has its own statutes on child visitation, which are adequate for the task of deciding visitation rights.

[¶ 19]   After a custody decision has been made, visitation is governed by N.D.C.C. § 14–05–22, which provides, in part:

> 2.   After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.

Section 14–09–24, N.D.C.C., provides:

> In any proceeding in which child visitation is properly in dispute between the

parents of a child, the court shall award the noncustodial parent reasonable attorney's fees and costs if the court determines there has been willful and persistent denial of visitation rights by the custodial parent with respect to the child. The court may use any remedy that is available to enforce a child support order and which is appropriate to enforce visitation.

"The primary purpose of visitation is to promote the best interests of children." *Schmidt*, 2003 ND 55, ¶ 14, 660 N.W.2d 196. Visitation is a right of the child and is presumed to be in the child's best interest. *Id.* "A trial court's decision on visitation is a finding of fact that will not be reversed unless it is clearly erroneous." *Id.* "A trial court's findings of fact are presumptively correct." *Id.* at ¶ 5. We view the evidence in the light most favorable to a trial court's findings of fact. *Kautzman*, 2002 ND 118, ¶ 12, 647 N.W.2d 684. We conclude the trial court's decision to appoint a psychologist to evaluate and facilitate visitation between Eberhardt and his minor daughter, to deny Eberhardt's request for compensatory visitation, and the trial court's other visitation determinations are not clearly erroneous.

### C

[¶ 20] Eberhardt contends the trial court should have awarded him attorney fees for Vance's frivolous motions and pleadings and for the motions and pleadings he had to file because of Vance's failure to comply with the judgment. He has not, however, attempted to bring his claim within the ambit of N.D.C.C. § 28–26–01, which authorizes attorney fee awards in certain instances when a claim for relief is found to be frivolous. "An award of attorney fees in a divorce action under N.D.C.C. § 14–05–23 is within the sound discretion of the trial court and will not be set aside absent an abuse of discre-

tion." *Kautzman v. Kautzman*, 1998 ND 192, ¶ 32, 585 N.W.2d 561. The principal factors for consideration are the parties' needs and ability to pay, although the trial court may also consider whether one party's actions unreasonably increased the time spent on the dispute. *Id.* No productive purpose would be served by detailing the parties' many motions, pleadings, responses, and failures to abide by the judgment. We agree with the trial court's observation that "[b]oth attorneys have contributed to the convoluted and drawn-out nature of this matter," and we conclude the trial court did not abuse its discretion in holding "[n]either party shall receive attorney's fees" for the post-judgment proceedings. Vance requested attorney fees for this appeal. In light of the result, we deny her request.

### III

[¶ 21] We affirm the trial court's January 7, 2003 order as amended by the May 16, 2003 order.

[¶ 22] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, and CAROL RONNING KAPSNER, JJ., concur.

I concur in the result. DALE V. SANDSTROM.