2004 ND 62

**Daniel Sharpe OLDHAM, Plaintiff and Appellee**

v.

**Rebecca Lyn OLDHAM, Defendant and Appellant.**

No. 20030072.

Supreme Court of North Dakota.

March 25, 2004.

Melinda Hanson Weerts, Weerts Allen, Fargo, ND, for plaintiff and appellee; submitted on brief.

Jonathan T. Garaas, Garaas Law Firm, DeMores Office Park, Fargo, ND, for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Rebecca Lyn Oldham appealed from the judgment, a post-judgment order, and the amended judgment entered in a divorce action brought by Daniel Sharp Oldham.[1] We affirm.

I

[¶ 2] Daniel Oldham, born in 1975, and Rebecca Oldham, born in 1976, married in 1998. They had one child, who was born in 2000. Daniel Oldham worked as a firefighter in Moorhead, Minnesota. Rebecca Oldham was employed as a public school teacher in Fargo and pursued a master's degree, which she expected to receive in May 2003. The parties separated on January 15, 2002. Daniel Oldham sued for a divorce, and Rebecca Oldham answered and counterclaimed.

[¶ 3] After a hearing, the trial court issued findings of fact, conclusions of law, and order for judgment on December 9, 2002. A judgment was entered on January 17, 2003. The trial court issued an order on February 28, 2003, ruling on Rebecca Oldham's motion to amend and Daniel Oldham's motion to hold Rebecca Oldham in contempt of court or to amend. An amended judgment was entered on March 14, 2003. The amended judgment granted a divorce, awarded the parties joint legal

---

1. After oral argument in this case, Rebecca Lyn Oldham's attorney advised this Court by letter of November 10, 2003, that Daniel Sharp Oldham had filed a bankruptcy petition, which triggered an automatic stay under 11 U.S.C.A. § 362(a). This Court was advised on March 23, 2004, that the stay had been lifted.

custody of their child, awarded Rebecca Oldham the primary physical care of the child, and awarded Daniel Oldham liberal visitation, including three overnight visits during each nine-day period. It ordered Daniel Oldham to pay child support of $540 per month from December 1, 2002, and to reimburse Rebecca Oldham $37 per month for health and dental insurance premiums attributable to the parties' child. The amended judgment directed sale of the marital home and application of the proceeds "after satisfying the mortgage and the Start Funds loans," with the first $3,780 of the remainder going to Rebecca Oldham, and the remainder applied to specified debts, followed by an equal division between the parties; divided the rest of the parties' property and debts; and directed the parties to file joint income tax returns for 2002, with any refunds applied to satisfaction of marital debts. It denied Rebecca Oldham's claim for spousal support, and ordered each party to be responsible for his or her attorney fees and costs. Rebecca Oldham appealed from the judgment, the post-judgment order, and the amended judgment.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 5] Rebecca Oldham contends: (1) the trial court erred in setting Daniel Oldham's child support obligation; (2) Daniel Oldham's overnight visitation with the parties' child should have been limited to two nights in each nine-day period; (3) the trial court erred in determining the values of property and debts, resulting in an inequitable division of marital property; (4) the trial court erred in denying her request for rehabilitative spousal support for two years; (5) the trial court should have ordered Daniel Oldham to pay her attorney fees; (6) the trial court erred in requiring her to secure health insurance for the parties' child and allowing Daniel Oldham to reimburse her for the cost of the premium attributable to coverage for the child; and (7) the trial court erred in directing the parties to file joint income tax returns for 2002.

## III

[¶ 6] The trial court ordered Daniel Oldham to pay child support of $540 per month from December 1, 2002, to reimburse Rebecca Oldham $37 per month for health insurance premiums attributable to their child, and to share equally any uncovered medical expense for the child. In awarding child support, the court used Daniel Oldham's calculations. Rebecca Oldham contends the trial court erred in ordering "child support in the wrong amount of $540.00 per month [instead of the minimum correct amount of $620.00]," and in failing "to make it effective April 1, 2002, as always requested, and Rebecca suggests, mandated by the North Dakota Child Support Guidelines."

## A

[¶ 7] Rebecca Oldham asserts that, in calculating his child support obligation, Daniel Oldham "fails to include the *employers'* share of [Public Employees Retirement Association of Minnesota]." She argues Daniel Oldham's "employer's contribution ... must be included as part of Daniel's gross income" for computing child support. Section 75–02–04.1–01(5), N.D. Admin. Code, provides, in part:

a. "Gross income" means income from any source, in any form, but does not mean:

. . . .

(2) Employee benefits over which the employee does not have significant influence or control over the nature or amount unless:

(a) That benefit may be liquidated; and

(b) Liquidation of that benefit does not result in the employee incurring an income tax penalty.

Rebecca Oldham has not shown Daniel Oldham had significant influence or control over the nature or amounts of his employer's contributions, or that they could be liquidated without an income tax penalty. "We have said 'a party waives an issue by not providing supporting argument' and, 'without supportive reasoning or citations to relevant authorities, an argument is without merit.'" *Kautzman v. Kautzman*, 2003 ND 140, ¶ 15, 668 N.W.2d 59 (quoting *Olander Contracting Co. v. Gail Wachter Invs.*, 2002 ND 65, ¶ 27, 643 N.W.2d 29). Rebecca Oldham has not provided any citations to relevant authorities or supportive reasoning. Her conclusory arguments are, therefore, without merit.

■ [¶ 8] The trial court annualized Daniel Oldham's income by dividing his 10–month reported income by 10 and multiplying it by 12, without including employer-paid pension fund contributions, under N.D. Admin. Code § 75–02–04.1–01(5)(a)(2), and including the in-kind income he received in the form of use of an apartment at less than the customary charge, as required by N.D. Admin. Code § 75–02–04.1–01(6); deducted tax, employee retirement contributions, employee expenses and other deductions allowed by N.D. Admin. Code § 75–02–04.1–01(7); and computed Daniel Oldham's monthly income as $2,848.49, resulting in a child support obligation of $540 per month. We conclude Rebecca Oldham has not shown the amount of child support ordered by the trial court was improperly calculated and has not shown it to be clearly erroneous.

B

■ [¶ 9] Relying on *Lauer v. Lauer*, 2000 ND 82, ¶ 4, 609 N.W.2d 450, and *Zarrett v. Zarrett*, 1998 ND 49, ¶ 8, 574 N.W.2d 855, Rebecca Oldham contends the North Dakota Child Support Guidelines required the trial court to make its child support order effective April 1, 2002, as she requested. Those decisions said the statutory scheme in N.D.C.C. § 14–09–08.4 envisioned periodic reviews of child support orders to ensure that child "support is at all times consistent with the current guidelines amount." *Lauer*, at ¶ 4; *Zarrett*, at ¶ 8. "However, '[a] decision's precedential value is measured by the context of its particular facts.'" *Wanner v. North Dakota Workers Comp. Bureau*, 2002 ND 201, ¶ 21, 654 N.W.2d 760 (quoting *In re C.R.M.*, 552 N.W.2d 324, 326 (N.D.1996)). *Lauer* and *Zarrett* involved motions to modify child support after a child support order had been entered. Those decisions do not require a trial court to make a child support obligation retroactive to a time before a child support order was entered. Nor has Rebecca Oldham drawn our attention to any other decision, statute, or provision in the Child Support Guidelines requiring retroactive imposition of a child support obligation in the guideline amount.

[¶ 10] Had the court not specified a beginning date, the starting date for Dennis Oldham's child support obligation would have been December 1, 2002. Section 14–09–08.3, N.D.C.C., says unless a commencement date is specified in a court's order, "a judgment or order requiring the payment of child support is effective as to the child in the month in which the order is signed." In its December 9, 2002, findings of fact, conclusions of law, and order for judgment, the district court

specified December 1, 2002, as the effective date of Dennis Oldham's child support obligation. The trial court found:

> 36. The parties separated on January 15, 2002. [Daniel] continued to pay one-half of the childcare bill, $160.00 per month, for total payments of $1,610.00. In addition, [Daniel] paid [Rebecca] $3,949.76 directly, for total payments related to support of the child in the amount of $5,559.76. In addition, [Daniel] continued to pay for insurance on [Rebecca's] vehicle until the lease expired in September 2002. The Court finds that [Daniel] has met his support obligation for the minor child.

We conclude that finding is not clearly erroneous.

### C

[¶ 11] We conclude the trial court's child support determinations are not clearly erroneous.

### IV

[¶ 12] We will briefly address the other issues Rebecca Oldham has raised in this appeal.

### A

[¶ 13] Rebecca Oldham contends Daniel Oldham's overnight visitation with the parties' child should have been limited to two nights in each nine-day period. After a custody decision has been made, visitation is governed by N.D.C.C. § 14–05–22, which authorizes a trial court to "grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child." Visitation is a right of the child and is presumed to be in the child's best interest. *Schmidt v. Schmidt*, 2003 ND 55, ¶ 14, 660 N.W.2d 196. "A trial court's decision on visitation is a finding of fact that will not be reversed unless it is clearly erroneous." *Id.* "A trial court's findings of fact are presumptively correct." *Id.* at ¶ 5. "We view the evidence in the light most favorable to a trial court's findings and do not reweigh evidence or reassess credibility if there is evidence supporting the trial court's findings." *Kautzman v. Kautzman*, 2002 ND 118, ¶ 12, 647 N.W.2d 684. Viewing the evidence in the light most favorable to the trial court's findings and giving due regard to the trial court's superior opportunity to judge the credibility of the witnesses, we conclude Rebecca Oldham has failed to overcome the presumption of correctness we accord to the trial court's findings of fact, and we conclude the court's visitation determination is not clearly erroneous.

### B

[¶ 14] Rebecca Oldham contends the trial court erred in determining the values of property and debts, resulting in an inequitable division of marital property. A trial court's valuation of property is presumptively correct. *Sommers v. Sommers*, 2003 ND 77, ¶ 8, 660 N.W.2d 586. We view the evidence in the light most favorable to the trial court's findings of fact, without reweighing evidence or reassessing credibility. *Kautzman v. Kautzman*, 2002 ND 118, ¶ 12, 647 N.W.2d 684. The trial court found Daniel Oldham's valuations of various items were more credible than Rebecca Oldham's. Reviewing the evidence in the light of our standard of review, we conclude the trial court's valuations of the marital property and its division of the marital property are not clearly erroneous.

### C

[¶ 15] Rebecca Oldham contends the trial court erred in denying her request for rehabilitative spousal support for two years. "A determination on spousal

support is treated as a finding of fact which will not be set aside on appeal unless clearly erroneous." *Sommers v. Sommers*, 2003 ND 77, ¶ 15, 660 N.W.2d 586. In light of the parties' relatively young ages, their incomes, Daniel Oldham's child support obligation, and Rebecca Oldham's expected receipt of a master's degree, we conclude the trial court's denial of spousal support is not clearly erroneous.

### D

■ [¶ 16] Rebecca Oldham contends the trial court should have ordered Daniel Oldham to pay her attorney fees. "An award of attorney fees in a divorce action under N.D.C.C. § 14–05–23 is within the sound discretion of the trial court and will not be set aside absent an abuse of discretion." *Kautzman v. Kautzman*, 1998 ND 192, ¶ 32, 585 N.W.2d 561. "The principle factors for consideration in awarding attorney fees in a divorce action are the parties' needs and ability to pay." *Id.* From our review of the record, we conclude the trial court did not abuse its discretion in failing to order Daniel Oldham to pay Rebecca Oldham's attorney fees and costs.

### E

■ [¶ 17] Rebecca Oldham contends the trial court erred in requiring her to secure health insurance for the parties' child and allowing Daniel Oldham to reimburse her for the $37 premium cost attributable to coverage for the child. Section 14–09–08.10, N.D.C.C., provides:

Each order entered under this code for the support of a minor child or the support of a child after majority under section 14–09–08.2 must include a provision for health insurance coverage for that child.

1. Except as provided in subsection 2, the order must require the obligor to provide satisfactory health insurance coverage whenever that coverage is available at reasonable cost or becomes available at reasonable cost.

2. If the obligee is an individual with physical custody of the child, the obligee must be required to provide satisfactory health insurance whenever that coverage is available at no or nominal cost.

The trial court found ordering Daniel Oldham to provide health insurance for the child would reduce his income by $328 per month, found Rebecca Oldham could provide coverage for $36.63, concluded "it is not in the best interests of the child to require [Daniel Oldham] to provide the coverage. Doing so will result in less resources being available for the child," and ordered Daniel Oldham to reimburse Rebecca Oldham $37 per month for health insurance premiums attributable to the child. The $37 per month premium for health insurance for the child is a nominal cost to Rebecca Oldham, and the court ordered her reimbursement for that amount. Requiring Daniel Oldham to secure insurance at a cost of $328 per month would damage him, result in a damaging reduction of child support for the parties' child, and benefit no one. The trial court's health insurance determinations are not clearly erroneous.

### F

■ [¶ 18] Rebecca Oldham contends the trial court erred in directing the parties to file joint income tax returns for 2002. At the postjudgment hearing on the parties' motions, the court said "I just suggested they sign a joint return because it's hugely more beneficial taxwise." Courts are to consider tax consequences of divorce proceedings. *Neubauer v. Neubauer*, 524 N.W.2d 593, 596 (N.D.1994).

We conclude the trial court did not abuse its discretion.

## V

[¶ 19] The order and amended judgment are affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and WILLIAM A. NEUMANN, JJ., concur.