## No. 10,345.

### BENHAM, ET AL. v. WILLMER, ET AL.

Decided June 5, 1922.

Proceeding to establish disputed corners and boundaries of land.   Order to advance costs.

### Reversed.

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Costs—Final Judgment.* A preliminary order that the parties advance certain costs to accrue, and that such order and judgment be a lien upon the lands of litigants, held a final judgment and reviewable by this court.

2. COSTS—*Order.* There is no authority for compelling defendants to advance any part of probable costs to accrue in a litigation, nor has the court power to make a rule to that effect.

3. *Invalid Order.* An order of court which assesses costs not yet accrued, or which affects those who might ultimately be found not to be liable for costs, or who might be taxed with a less amount than in the order specified, is erroneous.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. WILLIAM A. HILL, Mr. E. H. WHITNEY, for plaintiffs in error.

Mr. C. H. PIERCE, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us on an application for a supersedeas to review or stay an order, claimed by the plaintiffs in error to be a final judgment in the sense that it may be reviewed by this court. The order in question will be more fully hereinafter set forth, but, briefly stated, it is one requiring the parties litigant herein to pay into court each a certain sum as a deposit for costs.

The main case is a special proceeding, brought under chapter 128, p. 286, Session Laws of 1907, to establish alleged disputed corners and boundaries of lands. There are forty-nine plaintiffs, claiming to be the owners respectively of various tracts of land, the corners or boundaries of which are alleged to be lost, destroyed or in dispute. The defendants number about one hundred sixty and are made parties, apparently, as owners of lands which would be affected by a determination of the corners and boundaries of lands owned by plaintiffs.

The complaint was filed November 7, 1921. A notice bearing the same date, and addressed to all the defendants, was prepared and afterwards filed. The defendants were therein notified that on November 19, 1921, the plaintiffs would apply to the court for the appointment of a commission of surveyors and for the assessment of preliminary costs to be prorated among plaintiffs and defendants. The application was heard by the court after about seventy-five of the defendants had been served with the notice. Various motions regarding the application were interposed and heard, and thereafter and on March 7, 1922, the court made the order of which the plaintiffs in error now complain.

The material parts of the order read as follows:

"It is therefore ordered, adjudged and decreed, by the court, that the parties to this cause that have been served with notice of this proceeding, the owners of land as set forth in the complaint, and each of them, in the said four townships described, to wit:

(Here follows description of four
townships)

\*    \*    \*    shall advance sufficient money as costs not to exceed the sum of ten thousand dollars to secure the fees, expenses and compensation of the officers of this court and such commissioners as may be appointed by the court and all other persons who may lawfully perform services or furnish material under the lawful orders of the court herein.

"It is further ordered, adjudged and decreed that each of the parties litigant who are the owners and claimants of land in said four townships as set forth in the complaint herein shall pay on or before the 1st day of May, A. D. 1922, the sum of ten (10) cents per acre upon all lands owned, or claimed by each of them, respectively, and that said money shall be paid in to the clerk of this court and shall be paid out by him from time to time as may be ordered by the court."

Other provisions of the order will be hereinafter noted.

The first question argued is whether the order is a final judgment in the sense that it may now be reviewed. Ordinarily, of course, in civil actions, costs enter into the final judgment rendered on the merits, and any order touching costs made before the entry of the final judgment is merely an interlocutory order and not a reviewable final judgment. In the instant proceeding, however, the order affects the parties litigant, including the plaintiffs in error here, precisely as a final judgment would. The order takes the form of a final judgment, and has the effect of such, as is apparent from further provisions of the same, reading as follows:

"It is further ordered, that this judgment and order be and the same is hereby awarded against each and every of the parties to this litigation who are the owners or claimants of land in the said four townships in the sum hereinbefore named and that execution may issue therefor.

"It is further ordered,   \*    \*    \*    that said sum shall be a lien upon all of the lands   \*    \*    \*    in the amount herein-

before specified upon each of the litigants' lands respectively, and that said lien may be foreclosed and said lands sold to pay the same."

It is apparent that it would impose a hardship on the plaintiffs in error to compel them to wait until the rendition of a final judgment regarding corners and boundaries before obtaining a review of this order. Their lands might be sold to enforce the lien before such final judgment is rendered, and in that event nothing the court could do in the taxation of costs after the conclusion of the main case would put the present owners of the lands in *statu quo*. The order in question disposes finally of a branch of the case. It meets the test of what is a final judgment in the sense that it is reviewable. It is a final judgment under the reasoning whereby this court has held a judgment or order for temporary alimony to be a final judgment. See *Daniels v. Daniels,* 9 Colo.. 133, 10 Pac. 657; *Bagot v. Bagot,* 68 Colo. 562, 191 Pac. 96.

The next and remaining question is whether it was error to make the order in question. The court in its order designated this assessment or taxation as being in the nature of a docket fee, and provided that upon the final determination of the proceeding the moneys advanced pursuant to the order would be treated and disposed of as moneys usually are when they are paid in or advanced as docket fees. This situation does not validate the order. There is no authority for compelling defendants to advance any part of the probable costs which are yet to accrue in the litigation, nor was the court empowered to make, as it attempted to make in this case, a rule of court to that effect.

It is claimed that this is, as the statute provides (Section 3 of the act hereinbefore cited), a suit in equity, and that, therefore, the court could avail itself of the rule, stated in 15 C. J. 106, to the effect that courts of equity may "give costs in intermediate stages of a cause without waiting for a final decree." That rule, however, has been applied only to accrued costs, and not to future costs.

For example, in *Hand v. Allen*, 294 Ill. 35, 128 N. E. 305, in a suit in which an accounting was awarded, it was held that an order for expenses of reference prior to the accounting was premature. In *Avery v. Wilson*, 20 Fed. 856, it was held that costs may be awarded or taxed where they have arisen about a matter completely disposed of.

The order in question is erroneous for either one of two reasons: (1) There is a taxation of costs, or an assessment for costs, which have not yet accrued; and (2) the order affects those who may ultimately be found not liable for costs, or who might, in the exercise of the court's discretion, be taxed less than some other parties litigant, or a smaller amount than that designated in the order in question.

In connection with the second reason above stated, it may be noted that the order affects all those owning or claiming land in the four townships named. Some of these defendants have filed an answer putting in issue the truth of plaintiffs' allegations concerning alleged lost or disputed corners and boundaries. If such defendants prevail in the suit they may not be liable for costs, or at least not for any part of costs incurred in ascertaining corners and boundaries of lands.

The order is sought to be upheld on the ground that it is necessary to raise money forthwith for the expenses which will arise in connection with the taking of testimony concerning lost or disputed corners and boundaries. This situation, however, does not make it imperative that *defendants* be ordered to advance a part of the money required for such purpose.

The court was not authorized to assess the defendants any sum to be applied to future costs. It was error to grant the order complained of. The judgment or order is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.