No. 21052

DUANE E. FREE *v.* ROBERT R. CHANDLER, ET AL.
(393 P.2d 9)

Decided June 15, 1964.

Mr. RAYMOND DUITCH, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

FREE brought an action against the Chandlers for per-

sonal injuries allegedly suffered by him in an automobile accident occurring in Illinois wherein he (Free) was a passenger in a vehicle driven by the defendant, Robert Chandler.

On the day this matter came on for trial to a jury, the Chandlers filed a motion to vacate the trial setting and as grounds therefor alleged that Free had failed to appear for two scheduled appointments with a Dr. Carlton who, by agreement of counsel, was to make a medical examination of Free and that because of this failure on the part of Free to submit to said examination the Chandlers were deprived of pertinent medical testimony relating to Free's physical condition as of the date of trial. These two appointments with Dr. Carlton, neither of which was kept by Free, were by agreement of counsel set a few days immediately prior to the date theretofore set for trial. Having no reason to anticipate that Free would fail to keep these appointments and thereby necessitate a continuance of this matter, the Chandlers left Illinois to come to Colorado for the trial. Under these circumstances the Chandlers in their motion to vacate the trial setting also asked for reimbursement for their travel expense in the amount of $203.

Upon hearing the trial court granted the Chandlers' motion to vacate the trial setting and also "assessed costs" against Free in the amount of $203. Appropriate "judgment" to that effect was duly entered. Subsequently, in denying a so-called motion for new trial, the trial court opined that its action was more in the nature of a "penalty . . . for having failed to cooperate" than "ordinary court costs."

By writ of error Free now seeks to have this judgment reversed, contending that the trial court lacked jurisdiction to enter such and that there was no evidence to support the same. In our view this writ must be dismissed on the ground that it is premature, in the sense that the so-called "judgment" is not a "final judgment" within the meaning of Colo. R.C.P. 111(a).

In the instant case there is still pending and unresolved Free's claim against the Chandlers for damages in the sum of $61,640. The only judgment entered by the trial court occurred when the trial court, in vacating a trial setting, "assessed" as "costs" the sum of $203 against Free. This does not constitute a final judgment to which a writ of error will lie.

■ The general rule is that an order of a trial court rendering judgment for costs alone, but not adjudicating the case proper, is not such a final judgment as would be subject to review by writ of error. See *Pollack v. Theiss*, 348 Ill. App. 594, 109 N.E. 2d 642, and *Baker v. Gaskins* (1942 West Va.) 19 S.E. 2d 92.

Colorado recognized this to be the general rule in *Benham v. Willmer*, 71 Colo. 451, 207 Pac. 592, where it is stated:

"Ordinarily, of course, in civil actions, costs enter into the final judgment rendered on the merits, and any order touching costs made before the entry of the final judgment is merely an interlocutory order and not a reviewable final judgment."

We are aware that *Benham v. Willmer*, supra, antedates the Colo. R.C.P., but there is nothing in Colo. R.C.P. which necessitates or requires a departure from this most salutary rule which precludes piecemeal review of the type here sought.

Writ of error dismissed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.