1999 ND 177

**Richard B. BAER, P.C., Plaintiff and Appellee,**

v.

**Roger BAUCH, Defendant and Appellant.**

**No. 990066.**

Supreme Court of North Dakota.

Aug. 31, 1999.

William E. McKechnie and John D. Waller (argued), William E. McKechnie & As-

sociates, P.C., Grand Forks, N.D., for defendant and appellant.

Lyle W. Kirmis, Zuger Kirmis & Smith, Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Roger Bauch appeals from a judgment dismissing with prejudice his counterclaim against Richard Baer, P.C. We conclude the trial court's dismissal of Bauch's counterclaim for repeated discovery violations and failure to comply with court ordered payment of attorneys fees was not an abuse of discretion. We affirm.

I

[¶ 2] This appeal arises out of Baer's representation of Bauch in a case involving the dissolution of a farming operation. After the case concluded, Bauch failed to pay Baer's attorneys fees. On June 11, 1996, Baer served Bauch with a complaint seeking attorneys fees for his representation on the matter. Bauch counterclaimed, alleging legal malpractice. In October 1996, Baer served Bauch with interrogatories and requests for document production. Bauch responded in November 1996, but gave incomplete answers to nearly all of the requested information. He raised no objection to any of the interrogatories. On March 25, 1997, Baer moved to dismiss Bauch's counterclaim or, in the alternative, compel answers to the interrogatories. The trial court, by order dated April 18, 1997, granted Bauch's request for an extension until May 12, 1997, to comply with the discovery. Bauch failed to timely comply with the court's order, caused in part by the flooding of Grand Forks in April 1997.

[¶ 3] When no further response had been received by August 21, 1997, however, Baer again moved the trial court to dismiss Bauch's counterclaim for failure to comply with the discovery rules and the court's previous order. Bauch resisted the motion arguing his delay was caused by the flood. Acknowledging the hardships imposed on the Grand Forks legal community by the flood, the trial court denied the motion to dismiss on September 11, 1997, but ordered Bauch to comply with all discovery requests by October 1, 1997.

[¶ 4] By letter dated September 29, 1997, Bauch's counsel provided Baer with a brief summary of his expert's proposed testimony, but failed to respond to the remaining interrogatories. On March 16, 1998, Baer filed a third motion to dismiss Bauch's counterclaim for repeated discovery violations and failure to comply with the court's two prior orders compelling discovery responses. Bauch resisted, arguing, in part, the failure to provide a more detailed expert summary and interrogatory answers was not a flagrant abuse of the discovery process justifying dismissal.

[¶ 5] After the trial court denied the third motion to dismiss for discovery violations, but granted less harsh sanctions, Bauch failed to timely respond to a second set of interrogatories which were specifically directed toward the remaining factual issues in Bauch's counterclaim. Following Baer's fourth motion to dismiss, Bauch resisted, arguing, again, his actions did not rise to flagrant abuse or bad faith, and Baer was not prejudiced by his non-compliance. With his response, Bauch served answers to the second set of interrogatories, which the trial court characterized as "unresponsive." The trial court nevertheless denied Baer's fourth motion to dismiss on August 27, 1998, but ordered:

> [Bauch] is directed to supply fully sufficient answers to all outstanding discovery. Such answers must be in the office of [Baer's] counsel not later than 4 P.M. on Friday, September 11, 1998. In the event that full and complete answers are not filed and served as herein directed, [Baer] is invited to submit yet another motion requesting that [Bauch's] Counterclaim as well as [his] Answer to Plaintiff's complaint be stricken and that default judgment be entered for the relief requested in [Baer's] Complaint.

[¶ 6] Bauch provided timely answers to the second set of interrogatories, but failed to provide sufficient answers to the first set of interrogatories. On September 15, 1998, Baer filed a motion for attorneys fees. After briefing by both parties, the trial court, on October 20, 1998, ordered as follows:

> [T]he Defendant, Roger Bauch and Attorney William E. McKechnie, jointly and severally [are] obligated to pay the Plaintiff the sum of $972.00 within thirty (30) days after the date of this Order. Failure to make such payment within the time ordered will result in dismissal of the Defendant's Counterclaim.

[¶ 7] When no payment had been received by November 24, 1998, Baer's counsel filed an affidavit with the court establishing this fact. The trial court, on November 25, 1998, dismissed the counterclaim with prejudice due to a continued pattern of violating discovery rules and court orders. Bauch timely appealed the judgment of the district court dismissing his counterclaim with prejudice.[1]

## II

[¶ 8] While admitting there was a repeated pattern of discovery violations, Bauch argues the trial court's sanction of dismissal was too severe because there is no evidence he acted deliberately or in bad faith. We disagree.

[¶ 9] Under N.D.R.Civ.P. 37(a)(2), a discovering party may seek an order compelling answers to interrogatories when the other party has failed to respond. An "evasive or incomplete answer, or response is to be treated as a failure to answer, or respond." N.D.R.Civ.P. 37(a)(3). Violation of a court order compelling answers triggers the sanctions allowed under Rule 37(b)(2).

[¶ 10] "Rule 37(b)(2) provides the trial court with a broad spectrum of available sanctions for discovery violations, and

any sanctions imposed will not be set aside on appeal unless the trial court abused its discretion." *Lang v. Bank of North Dakota*, 530 N.W.2d 352, 354 (N.D.1995) (citation omitted). We will reverse for abuse of discretion when a trial court acts in an arbitrary, unreasonable or unconscionable manner.

[¶ 11] Whether dismissal under Rule 37 is an appropriate sanction is analyzed considering all relevant factors on a case-by-case basis. *Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 51 (N.D.1988). We have cautioned that sanctions for discovery violations should be tailored to the severity of the misconduct. *Id.* Because we favor resolution of disputes on the merits, dismissal should be used sparingly and only if "there is a deliberate or bad faith non-compliance which constitutes a flagrant abuse of or disregard for the discovery rules." *Id.* at 50–51.

[¶ 12] While Bauch's failure to properly respond to reasonable discovery requests and numerous court orders for nearly two years may not have been in bad faith, the record clearly reveals a deliberate indifference to the discovery rules. Litigants are permitted two courses of action to prevent discovery of certain information sought in interrogatories or requests for document production. *Vorachek*, 421 N.W.2d at 52. Rules 33 and 34, N.D.R.Civ.P., permit a party to serve written objections within 30 days of the discovery request and Rule 26(c) allows a party to seek a protection order. Bauch did neither at any time during this proceeding. The fact that Bauch "answered some of the interrogatories does not excuse his failure to provide complete and accurate answers to the remaining interrogatories." *Lang*, 530 N.W.2d at 355.

[¶ 13] In this case, the trial court repeatedly issued less harsh sanctions than those sought by Baer, affording Bauch four opportunities to properly respond to various discovery requests. While Bauch

---

1. Baer's original complaint was dismissed without prejudice on January 13, 1999, because Bauch filed bankruptcy.

submitted answers to the second set of interrogatories, he failed to ever sufficiently respond to the first set. Ultimately, Bauch and his attorney ignored a clear order of the court that they were "jointly and severally [ ] obligated to pay the Plaintiff the sum of $972.00 within thirty (30) days after the date of this Order. Failure to make such payment within the time ordered will result in dismissal of the Defendant's Counterclaim." Bauch contends the failure to pay was caused by confusion between him and his attorney over who was obligated to pay the fees. The court's order could not have been clearer. Bauch and his attorney should have communicated to clarify who was going to pay the fees by November 19, 1998. Both knew the consequences of not making the payment on time. We conclude the trial court's dismissal of Bauch's counterclaim was not an abuse of discretion. We affirm.

[¶ 14] VANDE WALLE, C.J., NEUMANN and SANDSTROM, JJ., and GORDON O. HOBERG, S.J., concur.

[¶ 15] GORDON O. HOBERG, S.J., sitting in place of KAPSNER, J., disqualified.

