2004 ND 108

**Shawn M. KOSTRZEWSKI, Plaintiff and Appellant**

v.

**Amy L. FRISINGER, Defendant and Appellee.**

No. 20040009.

Supreme Court of North Dakota.

June 3, 2004.

Alisha L. Ankers, Fargo, N.D., for plaintiff and appellant.

Theresa L. Zimmerman, American Legal Services, Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Shawn Kostrzewski appeals the denial of his motion to dismiss and objection to Amy Frisinger's registration of a Minnesota judgment establishing custody of their child. We affirm that part of the trial court's order which confirms the registration of the August 13, 2001 Minnesota child custody judgment. We vacate that part of the trial court's order which concludes it has jurisdiction to modify the judgment under N.D.C.C. § 14–14.1–14 because the trial court exceeded its authority, both procedurally and substantively, by deciding that issue.

I

[¶ 2] The parties never married, but had one child together on November 5, 1999. In February 2001, Frisinger and the child stayed with friends in North Dakota. They moved to Fargo, North Dakota, with Frisinger's new husband in March 2001.

[¶ 3] In April 2001, Kostrzewski commenced the initial child custody determination in Minnesota and requested custody of the child. On August 13, 2001, the Minnesota District Court entered a judgment identifying Kostrzewski as the father of the child and establishing a visitation schedule. Frisinger was granted physical custody of the child.

[¶ 4] Kostrzewski was informed by a letter dated July 8, 2003, that Frisinger was moving to Burleigh County, North Dakota. Kostrzewski did not object to the move because Frisinger agreed to alter the visitation agreement in light of her move. Frisinger, her new husband, and the child now live in Burleigh County, North Dakota.

[¶ 5] Kostrzewski and Frisinger failed to come to an agreement to alter the visitation, and on September 2, 2003, Kostrzewski filed, in Clay County, Minnesota, a motion to amend the judgment to grant him compensatory visitation.[1] It is undisputed that Frisinger and the child have lived in North Dakota since February 2001.

[¶ 6] On September 29, 2003, Frisinger filed the Minnesota judgment with the Burleigh County District Court and served notice of filing on Kostrzewski. Kostrzewski brought a motion to dismiss and objected to the filing of the foreign judgment on October 13, 2003. The trial court denied his motion to dismiss for lack of jurisdiction and found that the child had resided in Burleigh County, North Dakota, for more than six months prior to the filing of the foreign judgment and that Kostrzewski had not objected to the relocation from Minnesota to North Dakota. The trial court concluded it had jurisdiction under N.D.C.C. § 14–14.1–14, denied Kostrzewski's motion, and denied his objection to the confirmation of the foreign judgment.

[¶ 7] Kostrzewski appeals the order denying his motion to dismiss and his objections to the confirmation of the Minnesota judgment. We affirm the order in part and vacate it in part.

---

1. In Minnesota, compensatory visitation is allowed for denial or interference with visitation. M.S.A. § 518.175(6). Kostrzewski included documents in a supplement from this Minnesota case, but we decline to consider these documents as they were not part of the record at the trial court level. *See* N.D.R.App.P. 30(a); *Syvertson v. State*, 2000 ND 185, ¶ 36, 620 N.W.2d 362 (stating that we will not consider documents which are not part of the record below).

## II

[¶ 8] Frisinger argues the order in this case is a non-appealable interlocutory order denying Kostrzewski's motion to dismiss. She is correct that we must have jurisdiction before we can consider the merits of an appeal. The denial of a motion to dismiss for lack of jurisdiction is a non-appealable interlocutory order. *Henry v. Securities Com'r*, 2003 ND 62, ¶ 9, 659 N.W.2d 869 (citing cases holding the same); *see also* N.D.C.C. § 28–27–02. It is possible to appeal an interlocutory order if the trial court grants a party's request to enter a final judgment under N.D.R.Civ.P. 54(b). Koztrzewksi did not request the trial court enter a final judgment under N.D.R.Civ.P. 54(b).

[¶ 9] Kostrzewski argues the order affects "a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken," which, he argues, makes the order appealable. *See* N.D.C.C. § 28–27–02(1). In the alternative, Koztrzewksi requests that we exercise our supervisory powers over the lower courts under N.D. Const. Art. VI, § 2, and reverse the dismissal of his motion and objection.

[¶ 10] We need not exercise our supervisory powers over the lower courts because this order is appealable under N.D.C.C. § 28–27–02(5) as an order deciding the merits of an action. We have repeatedly held that we will consider a motion's substance rather than its title to ascertain the correct nature of the pleading. *Alerus Financial, N.A. v. Lamb*, 2003 ND 158, ¶ 7, 670 N.W.2d 351. Koztrzewski's motion, while labeled a motion to dismiss, objected to the registration of the Minnesota child custody judgment. Objection to registration of a foreign custody judgment is allowed under N.D.C.C. § 14–14.1–25(4).

[¶ 11] The trial court's order essentially denied Kostrzewski's objections, confirmed the registration of the Minnesota child custody judgment, and held that North Dakota trial courts have jurisdiction to modify this foreign custody judgment. The denial of objections and confirmation of a foreign custody judgment is appealable because confirmation of a foreign child custody judgment decides the validity of a foreign child custody judgment for registration and enforcement purposes. Therefore, the order is appealable and we will address the merits of Kostrzewski's objections.

## III

[¶ 12] Frisinger filed the Minnesota judgment under the general filing of foreign judgments statute, N.D.C.C. § 28–20.1–02. However, N.D.C.C. § 14–14.1–25 specifically sets out the procedure to register a foreign child custody judgment and to contest registration. While Frisinger utilized the general filing of foreign judgments statute, we have repeatedly stated that a specific statute governs over a more general statute as a general rule of statutory construction. *Schempp–Cook v. Cook*, 455 N.W.2d 216, 217 (N.D.1990). Therefore, we look to N.D.C.C. § 14–14.1–25 for the proper procedure to contest the validity of a registered child custody judgment.

[¶ 13] North Dakota has codified the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act at N.D.C.C. §§ 14–14.1–01 through 14–14.1–37. Under N.D.C.C. § 14–14.1–25(1), a party may register a foreign child custody judgment in North Dakota "with or without a simultaneous request for enforcement." In this case, Frisinger requested only registration of the foreign judgment.

[¶ 14] A person desiring to register a foreign child custody judgment must send to the district court:

a. A letter or other document requesting registration;

b. Two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and

c. Except as otherwise provided in section 14–14.1–20, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

N.D.C.C. § 14–14.1–25(1)(a)–(c).

[¶ 15] Following the request to register the custody judgment, notice of the registration must be served by the registering court on the persons granted custody or visitation in the judgment. N.D.C.C. § 14–14.1–25(3)(b). In addition, the registering court must serve notice that those persons have twenty days to request a hearing to contest the validity of the judgment. N.D.C.C. § 14–14.1–25(3)(b). The court shall confirm the registered order unless a person contesting the validity of the registered order establishes that:

a. The issuing court did not have jurisdiction under sections 14–14.1–12 through 14–14.1–21;

b. The child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under sections 14–14.1–12 through 14–14.1–21; or

c. The person contesting registration was entitled to notice, but notice was not given in accordance with section 14–14.1–07, in the proceedings be-

fore the court that issued the order for which registration is sought.

N.D.C.C. § 14–14.1–25(4).

[¶ 16] Under N.D.C.C. § 14–14.1–25(4), Kostrzewski could only contest the validity of the judgment on three grounds. There was no motion to modify the Minnesota child custody judgment pending before the North Dakota trial court. The only issue properly before the trial court was whether the Minnesota judgment was valid. Nevertheless, Kostrzewski argued the North Dakota trial court did not have jurisdiction to decide visitation issues; therefore, the judgment could not be registered. Kostrzewski requested that the trial court allow his Minnesota motion to go forward because Minnesota still had jurisdiction over the custody of the child. Koztrzewksi's jurisdictional argument, however, does not fall within N.D.C.C. § 14–14.1–25(4)(c), which provides the grounds for contesting jurisdiction of the issuing court when registration is requested.

[¶ 17] The trial court erred when it proceeded to decide whether North Dakota courts have jurisdiction over visitation and child custody issues. Mere registration of a foreign child custody judgment does not require determination of the registering court's jurisdiction under N.D.C.C. § 14–14.1–14. In addition, Koztrzewksi did not establish any of the grounds to object to registration under N.D.C.C. § 14–14.1–25(4). By requesting only registration of the foreign judgment, Frisinger effectively limited the trial court's jurisdiction to the issue of the validity of the registered judgment. Therefore, the trial court erred when it reached the issue of whether North Dakota courts have jurisdiction to modify the Minnesota child custody judgment.

IV

[¶ 18] We affirm that part of the trial court's order confirming registration of the

Minnesota child custody judgment. We vacate that part of the trial court's order concluding it had jurisdiction under N.D.C.C. § 14–14.1–14 because the trial court exceeded its authority, both procedurally and substantively, by deciding that issue.

[¶ 19] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.