2004 ND 164

**Rachel M. DIETZ, Plaintiff and Appellee,**

v.

**Robert A. KAUTZMAN, Paul Kautzman and Kautzman Millwright, Inc., Defendants and Appellants,**

**George A. Wyum, Kautzman Family Trust, Valarie Torgerson, and B. & G. Enterprises, L.L.C., Defendants,**

**Jonathan T. Garaas, Appellant.**

No. 20030362.

Supreme Court of North Dakota.

Aug. 31, 2004.

Rehearing Denied Oct. 14, 2004.

Steven A. Johnson (on brief), Vogel Law Firm, Fargo, for plaintiff and appellee.

Jonathan T. Garaas (argued), Garaas Law Firm, Fargo, for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] Robert A. Kautzman, Paul Kautzman, Kautzman Millwright, Inc., and their attorney, Jonathan T. Garaas, appealed from an October 13, 2003 judgment holding them jointly and severally liable for $1,000 in attorney fees and costs assessed as a sanction for failure to comply with the discovery rules. They also appealed from an underlying May 9, 2003 order compelling discovery, a July 18, 2003 second order compelling discovery and ordering sanctions, and an October 8, 2003 order for judgment and contempt ordering payment of an additional $250 in sanctions. We conclude we have jurisdiction over the appeal and the district court did not abuse its discretion in imposing the sanctions. We affirm.

I

[¶ 2] This case arises from litigation related to Rachel M. Dietz's 1995 divorce action against Robert Kautzman. The divorce action itself has spawned seven appeals to this Court. *See Dietz v. Kautzman*, 2004 ND 119, 681 N.W.2d 437; *Kautzman v. Kautzman*, 2003 ND 140, 668 N.W.2d 59; *Kautzman v. Kautzman*, 2002 ND 118, 647 N.W.2d 684; *Kautzman v. Kautzman*, 2000 ND 190, 618 N.W.2d 500; *Kautzman v. Kautzman*, 2000 ND 116, 611 N.W.2d 883 (two appeals), and *Kautzman*

*v. Kautzman,* 1998 ND 192, 585 N.W.2d 561. In February 2002, Dietz sued the Kautzmans and Kautzman Millwright, Inc., in state district court alleging they had fraudulently and deceitfully transferred property to avoid Robert's property distribution and spousal support obligations imposed by the divorce decree and seeking to avoid those transfers. The defendants unsuccessfully attempted to remove the case to federal district court.

[¶ 3] After successfully moving to add additional defendants, Dietz served interrogatories and a demand for production of documents on the defendants in January 2003. In March 2003, Dietz filed a motion to compel discovery, alleging the defendants' responses were inadequate and seeking attorney fees incurred in bringing the motion. On May 9, 2003, the district court granted the motion to compel, but refused to assess costs or attorney fees "at this time." Still unsatisfied with the supplemental responses, Dietz moved on June 5, 2003 for sanctions against the Kautzman defendants and an order requiring the defendants and their attorneys to pay the attorney fees she incurred in bringing the motion. On July 18, 2003, the district court issued a second order compelling discovery and ordered sanctions. In addition to requiring all answers to interrogatories and requests for production of documents be provided within 10 days of service of the order, the court ruled:

> The Defendants Robert A. Kautzman, Paul Kautzman, and Kautzman Millwright, Inc. are in contempt of the Court's previous Order Compelling Discovery on this matter. Costs and attorney's fees shall be assessed at this time in favor of Plaintiff and against Defendants Robert A. Kautzman, Paul Kautzman, Kautzman Millwright, and their attorney Jonathan T. Garaas, jointly and severally, in the amount of $1,000.

Harsher sanctions will be considered if this matter comes before the Court again and it is shown that Defendants have not complied with this Order.

[¶ 4] Dietz did not receive the $1,000 in costs and attorney fees ordered in August 2003. Dietz moved under N.D.R.Civ.P. 37 that judgment be entered against the Kautzman defendants and Garaas for $1,000, sought an order holding them in contempt until the money was paid, and requested that the court issue a bench warrant. The district court found the Kautzman defendants and Garaas "in contempt based on their failure to pay the Plaintiff $1,000 pursuant to this Court's order dated July 18, 2003," and ordered them to pay an additional $250 in legal fees incurred by Dietz "within three days of the date of this order." The court did not issue a bench warrant and Garaas paid the $250. On October 13, 2003, a judgment was entered holding the Kautzman defendants and Garaas jointly liable to Dietz for "$1,000 representing attorney's fees and costs assessed by the Court in favor of the Plaintiff." This appeal followed.

II

[¶ 5] Dietz argues these orders compelling discovery are not appealable.

[¶ 6] This Court must have jurisdiction before we can consider the merits of an appeal. *Kostrzewski v. Frisinger,* 2004 ND 108, ¶ 8, 680 N.W.2d 271. In *Gast Constr. Co., Inc. v. Brighton P'ship,* 422 N.W.2d 389, 390 (N.D.1988) (citations omitted), this Court set forth the two-part test for determining whether jurisdiction over an appeal exists:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need

go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

[¶ 7] Orders compelling discovery are not appealable. *See, e.g., Polum v. North Dakota Dist. Court,* 450 N.W.2d 761, 763 (N.D.1990); *Northwest Airlines, Inc. v. State Bd. of Equalization,* 244 N.W.2d 708, 710 (N.D.1976). This Court has also held that "[a]n order awarding attorney's fees and costs which relates to pretrial discovery procedures is interlocutory in nature and is not appealable." *State ex rel. Olson v. Nelson,* 222 N.W.2d 383, 385 Syll.2 (N.D.1974).

[¶ 8] In *Nelson,* the State refused to answer two interrogatories, prompting the defendant to petition the district court for an order compelling answers to the interrogatories and assessing attorney fees and costs against the State. The court granted the motion and ordered the State to pay $100 in attorney fees and costs " 'on or before April 10, 1974.' " *Nelson,* 222 N.W.2d at 385. The State complied with the order compelling answers, but on April 15, 1974, filed a notice of appeal from the part of the order assessing the $100 in attorney fees and costs. The State contended that "although the order is partially interlocutory the assessment of attorney's fees and costs in a sum certain, to be paid by a definite date, is a final order involving a substantial legal right and, thus, is appealable under § 28–27–02(5), N.D.C.C." *Nelson,* 222 N.W.2d at 386. This Court rejected the argument:

> [I]t is generally held that an order of a trial court rendering judgment for costs alone, but not adjudicating the case proper, is not appealable. *Free v. Chandler,* 155 Colo. 128, 393 P.2d 9 (1964); 54 A.L.R.2d 927; 4 Am.Jur.2d, Appeal and Error § 128. Since the State is appealing only from that portion of the order

awarding attorney's fees and costs, the State has no basis for its argument that the order is appealable.

> We hold that the trial court's order assessing attorney's fees and costs against the State is not an appealable order.

*Id.*

[¶ 9] Numerous jurisdictions follow this rule. *See, e.g., Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir.1994) (stating "an award of attorney's fees in a case that has not been completed is merely an interim award of fees, and an interim award of fees is interlocutory and nonappealable unless the award is made in circumstances in which the party against whom the award is made will not be able to get his money back if he prevails at the end of the case and the award is vacated then"); *M.A. Mortenson Co. v. United States,* 877 F.2d 50, 52 (Fed.Cir.1989) (holding order imposing a monetary sanction against the government for discovery abuse is neither a final appealable order nor an appealable interlocutory order under federal law and "the immediate payment by the government cannot be characterized as rendering the sanction order effectively unreviewable"); *State Farm Fire and Cas. Co. v. Bellino,* 976 P.2d 342, 344 (Colo.App.1998) (reasoning "[a]llowing appeals from sanction orders before a judgment has been entered on the merits would discourage the trial court's use of an important disciplinary tool and could be abused by parties wishing to delay the judicial process"); *Gourmet Delights, Inc. v. Edgewater Country Club, Inc.,* 185 Ga. App. 660, 365 S.E.2d 514, 515 (1988) (holding a direct appeal from an order striking defendant's answers for failure to comply with discovery, entering judgment for plaintiff, reserving the issue of damages for trial and awarding plaintiff attorney fees in connection with its motion for dis-

covery sanctions was not appealable because "to be appealable, a judgment must be final, i.e., the case must no longer be pending in the trial court"); *Matter of Hornsby and Landry,* 532 So.2d 559, 560 (La.App.1988) (holding a judgment compelling discovery and fining attorney $500 in penalties plus all costs for his failure to obey previous court orders was an unappealable interlocutory judgment even though the opposing party had attached property belonging to the sanctioned party to seek satisfaction of the judgment); *Kennedy v. Chalfin,* 38 Ohio St.2d 85, 310 N.E.2d 233, 235 (Ohio 1974) (holding a sanction order arising out of discovery procedures is not an appealable final order).

[¶ 10] But, this case is distinguishable from *State ex rel. Olson v. Nelson,* because the State in *Nelson,* and the sanctioned parties in the cases cited above, were not found guilty of contempt. The October 8, 2003 order for judgment and contempt resulting in the October 13, 2003 judgment specifically found the appellants "in contempt based on their failure to pay the Plaintiff $1,000 pursuant to this Court's order dated July 18, 2003" and ordered that they pay Dietz "an additional $250 within three days of the date of this Order." *See* N.D.R.Civ.P. 37(b)(2)(D) (allowing as a discovery sanction "an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination"). Under N.D.C.C. § 27–10–01.3(3), "[a]n appeal may be taken to the supreme court from any order or judgment finding a person guilty of contempt. An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal." Therefore, the October 8, 2003 order for judgment and contempt and the October 13, 2003 judgment are appealable. Moreover, the earlier interlocutory orders compelling discovery are also properly before us for review because nonappealable interlocutory orders or judgments are reviewable in an appeal from a final appealable order or judgment. *See, e.g., Security State Bank v. Orvik,* 2001 ND 197, ¶ 6, 636 N.W.2d 664. We conclude we have jurisdiction over this appeal.

### III

[¶ 11] The appellants raise several issues on appeal. A major contention is that the May 9, 2003 order compelling discovery and the July 18, 2003 order for sanctions were too vague to support a finding of contempt for violation of those orders. The appellants also argue the district court failed to find that the orders were willfully or intentionally disobeyed.

[¶ 12] The appellants argue the district court's use of the term "assess" in the July 18, 2003 order rendered the order vague because the term is not synonymous with an order to pay a debt immediately. According to the appellants, "[t]here is nothing within the [district court's July 18, 2003 order] that would lead any of the four Appellants to believe that they were ordered to immediately pay [Dietz] $1,000.00 as costs and attorney fees." The term "assessment" has been defined as the "[i]mposition of something, such as a tax or fine, according to an established rate; the tax or fine so imposed." *Black's Law Dictionary* 111 (7th ed.1999). The term "assess" has been defined as "[t]o charge (a person or property) with a tax, fine, or other special payment." *The American Heritage Dictionary* 134 (2d Coll. ed.1985). The district court "assessed" the costs and attorney fees in the July 18, 2003 order, and punctuated the immediacy of payment by adding "at this time." A reasonable person would interpret the phrase "assess at this time" to mean immediate payment. The appellants' argument is so specious

that their failure to immediately pay the assessment of costs and attorney fees can be viewed as nothing other than willful and intentional disobedience of the court's order. The order is not vague and we are satisfied the appellants' actions were willful and intentional. We deem the other issues raised by the appellants to be without merit.

[¶ 13] Under N.D.R.Civ.P. 37(b)(2), a district court has a broad spectrum of available sanctions for discovery violations, and any sanctions imposed will not be set aside on appeal unless the district court abused its discretion. *Richard B. Baer, P.C. v. Bauch*, 1999 ND 177, ¶ 10, 599 N.W.2d 306. We conclude the district court did not abuse its discretion in imposing the sanctions in this case.

## IV

[¶ 14] We affirm and award double costs to Dietz under N.D.R.App.P. 38 and 39.

[¶ 15] WILLIAM F. HODNY, S.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.

[¶ 16] The Honorable WILLIAM F. HODNY, Surrogate Judge, sitting in place of KAPSNER, J., disqualified.